United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41628
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RAMIRO PONCE,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CR-621-1
---------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:*

    Ramiro Ponce appeals his conviction and sentence following his guilty plea to importing cocaine. Ponce argues for the first time on appeal that his sentence is unconstitutional under United States v. Booker, 543 U.S. 220 (2005), because it was imposed pursuant to a mandatory application of the Sentencing Guidelines. This court reviews forfeited Booker errors for plain error. United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005). Thus, Ponce must

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

demonstrate (1) error, (2) that is plain, and (3) that affects his substantial rights. Id. at 732. If the first three conditions are met, the court will reverse only if it finds that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 733.

Ponce has established obvious error because he was sentenced under a mandatory guidelines regime. See id. To establish the third prong of plain error, however, Ponce must "point to statements in the record by the sentencing judge demonstrating a likelihood that the judge sentencing under an advisory scheme rather than a mandatory one would have reached a significantly different result." United States v. Pennell, 409 F.3d 240, 245 (5th Cir. 2005).

Ponce's argument that the error affected his substantial rights because it is structural, or at least presumptively prejudicial, has been rejected as inconsistent with this court's analysis in United States v. Mares, 402 F.3d 511 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). See United States v. Malveaux, 411 F.3d 558, 560-61 n.9 (5th Cir.), cert. denied, 126 S. Ct. 194 (2005). Ponce fails to show that the error otherwise affected his substantial rights given that he points to statements by the district court that were merely sympathetic and not an indication that the district court wished to impose a different sentence under Guidelines that were not mandatory. See

<u>United States v. Creech</u>, 408 F.3d 264, 272 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 777 (2005).

Ponce's argument, raised for the first time on appeal, that 21 U.S.C. §§ 952 and 960(a) and (b) are facially unconstitutional under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), because drug quantity is an element of the offense that must be presented to the trier of fact is foreclosed by this court's precedent. <u>See</u> <u>United States v. Slaughter</u>, 238 F.3d 580, 582 (5th Cir. 2000).

AFFIRMED.